### No. 993, *Miller* v. *Black.*

This case differs materially from numbers 991 and 992. Charles R. Miller, the relator, having made an unsuccessful application to the Commissioner of Pensions for an increase of his pension, finally appealed to the Secretary of the Interior, and in his petition for mandamus says as follows, to wit:

"That the Secretary, upon a personal, careful inspection of the record and all the evidence filed therein in his case, and on due consideration thereof, made and rendered the following official decision:

'DEPARTMENT OF THE INTERIOR,

'Washington, D. C., February 12, 1885.

'The Commissioner of Pensions:

'SIR: Herewith are returned the papers in the pension claim, Certificate No. 55,356, of Charles R. Miller.

'It appears from the papers that Mr. Miller's claim was before this department on the 6th instant, and it was held that the pensioner is greatly disabled, and it is evident from the papers in his case that he is utterly unable to do any manual labor,

and he is therefore entitled to $30 per month under the act of March 3, 1883, which has been allowed him by your office.

'Since the departmental decision above referred to, the papers in the claim have been carefully reconsidered by the Department, and a personal examination of the pensioner made, and it satisfactorily appears that he is unable to put on his shoe and stocking on the foot of his injured leg, for the reason that the nearest point that can be reached by hand from foot is 23 inches, and for the further reason that from "necrosis of the lower vertebræ of spine, producing anchylosis of the spinal column and destruction of some of the spinal nerves" he is unable to bend his back.

'After a careful review of all the facts in this case, the Department is constrained to think that the pensioner comes under the meaning of the laws granting pensions to those persons who require aid and attendance. The decision of the 6th instant is therefore overruled.

'Very respectfully,
'H. M. TELLER, *Secretary.*'

"And your orator avers that the said official decision of the Secretary of the Interior, so made as aforesaid, was a final adjudication of his claim in his favor, and conclusively establishes his right under the laws to be rerated at $25 per month from June 6, 1866; $31.25 per month from June 4, 1872; $50 per month from June 4, 1874; and $72 per month from June 17, 1878, and to be paid the difference monthly between these sums and what has been allowed him; and all that remained for the Commissioner of Pensions to do in the premises was the simple ministerial duty of accordingly carrying the said final official decision of the Secretary into execution."

The petition goes on to state that the former Commissioner of Pensions refused to carry out the Secretary's decision to its full extent, and that the present Commissioner, the respondent, still refuses. If, as the petition suggests, the Commissioner of Pensions refuses to carry out the decision of his superior officer, there would seem to be *primâ facie* ground for at least calling upon him to show cause why a mandamus should not

issue. This was all that the petitioner asked, and this the court refused. As a general rule, when a superior tribunal has rendered a decision binding on an inferior, it becomes the ministerial duty of the latter to obey it and carry it out. So far as respects the matter decided, there is no discretion or exercise of judgment left. This is the constant course in courts of justice. The appellate court will not hesitate to issue a mandamus to compel obedience to its decisions.

The appellate tribunal in the present case is the Secretary of the Interior, who has no power to enforce his decisions by mandamus, or any process of like nature; and therefore a resort to a judicial tribunal would seem to be necessary, in order to afford a remedy to the party injured by the refusal of the Commissioner to carry out his decision. But it is suggested that removal of the contumacious subordinate from office, or a civil suit brought against him for damages, would be effectual remedies. We do not concur in this view. A suit for damages, if it could be maintained, would be an uncertain, tedious, and ineffective remedy, attended with many contingencies, and burdened with onerous expenses. Removal from office would be still more unsatisfactory. It would depend on the arbitrary discretion of the President, or other appointing power, and is not such a remedy as a citizen of the United States is entitled to demand. We think that the case suggested by the petition is one in which it would be proper for the court to interfere by mandamus. Whether it will turn out to be such when all the circumstances are known, can be ascertained by a rule to show cause; and such a rule, we think, ought to have been granted. The judgment of the court below is, therefore,

*Reversed, and the cause remanded with instructions to grant a rule to show cause as applied for by the petitioner.*

*Judgments will be entered separately in the several cases*